IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YOSHA VENITIA BROWN, ) | |
| ) | |
| Petitioner, ) | 4:07cv3106 |
| ) | |
| vs. ) | ORDER on INITIAL REVIEW |
| ) | (Habeas Corpus) |
| ROBERT HOUSTON,[1] ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, Yosha Venitia Brown. 28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States." Id., § 2254(a).

Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts*, as amended effective December 1, 2004, states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

The petitioner alleges violations of her constitutional rights in connection with her conviction in the District Court of Lancaster County, Nebraska, on or about March 27, 2002, for manslaughter and use of a weapon to commit a felony. On initial review of the § 2254 petition, I provisionally find that summary dismissal under Rule 4 of the *§ 2254 Rules* is not required and that the respondent shall answer or otherwise respond to the § 2254 petition.

Also before the court is filing no. 2, the petitioner's Motion for Leave to Proceed In

---

[1]The court, sua sponte, substitutes Robert Houston as the plaintiff's custodian.

1

Forma Pauperis ("IFP").  The petitioner qualifies financially to proceed IFP (filing no. 3), and her § 2254 petition is not frivolous.  Therefore, filing no. 2 is granted.

IT IS THEREFORE ORDERED:

1. That Robert Houston is substituted as the respondent in this case; the Clerk of Court shall modify the court's records accordingly;

2. That filing no. 2, the petitioner's Motion for Leave to Proceed In Forma Pauperis, is granted;

3. That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail;

4. That, by June 29, 2007, the respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *2254 Rules*, **or** the respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b);

5. That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records;

6. That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with, or delivered to, the court at the time the Designation of Relevant State Court Records is filed;

7. That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner; and

8. That, whether the respondent files an answer or a motion for summary judgment, the petitioner may reply within 30 days thereafter.

DATED this 16th day of May, 2007.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge