IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YOSHA VENITIA BROWN, | ) | 4:07CV3106 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DIRECTOR ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Respondent's motion for summary judgment. (Filing No. 6.) In support of his motion, Respondent filed relevant state court records. (Filing No. 7.) On its own motion, the court provided Petitioner Yosha Venitia Brown ("Brown") with additional time in which to respond. (Filing No. 9.) On October 17, 2007, Brown filed her opposition to Respondent's motion for summary judgment. (Filing No. 10.)

Liberally construing the allegations of Brown's Petition for Writ of Habeas Corpus ("Petition") and her opposition brief (filing nos. 1 and 10), Brown argues that her Petition should be granted because:

1. Petitioner's guilty plea was unlawfully induced or not made voluntarily with the understanding of the nature of the consequences of the plea because Petitioner was unaware that manslaughter is an "unintentional crime" and the use of a weapon is an "intentional crime." (Filing No. 1 at CM/ECF p. 5.)

2. Petitioner's trial and sentencing attorney was ineffective because he did not challenge the "use of a weapon to commit a felony" charge and did not "perfect and initiate" Petitioner's appeal when requested to do so by Petitioner. (*Id.* at CM/ECF p. 6.)

    3.    Petitioner's trial and sentencing attorney was ineffective because he did not pursue a defense of self-defense. (*Id.*)

## I. BACKGROUND

On January 16, 2002, Brown pled guilty to one count of Manslaughter and one count of Use of a Deadly Weapon to Commit a Felony in the Lancaster County, Nebraska District Court. (Filing No. 7, Attach. 1, at CM/ECF pp. 17, 29.)[1] On March 27, 2002, Brown was sentenced to serve six to twelve years on the Manslaughter charge and three to five years on the Use of a Deadly Weapon charge. (*Id.* at CM/ECF pp. 25-26.) Brown did not appeal her conviction or sentence.

Brown filed a Verified Motion for Postconviction Relief ("Post Conviction Motion") in the District Court of Lancaster County, Nebraska on November 3, 2005. (Filing No. 7, Attach. 3, at CM/ECF p. 8.) On December 28, 2005, Brown filed an Amended Post Conviction Motion. (Filing No. 7, Attach. 1, at CM/ECF pp. 19-24.) The Lancaster County, Nebraska District Court denied Brown's Amended Post Conviction Motion on April 19, 2006. (Filing No. 7, Attach. 1, at CM/ECF pp. 40-48.) On May 18, 2006, Petitioner filed a notice of appeal of the Lancaster County, Nebraska District Court's denial of her Post Conviction Motion. (Filing No. 7, Attach. 2, at CM/ECF p. 1.) The Nebraska Court of Appeals denied the appeal on January 17, 2007 and the Nebraska Supreme Court overruled the petition for further review on March 14, 2007. (Filing No. 7, Attach. 2, at CM/ECF p. 2.)

---

[1] The court notes that Respondent's citations to the record consist only of meaningless page numbers but do not include a reference to which document he is citing. In the future, the court requests that Respondent and his counsel cite to the CM/ECF page number. At a minimum, the court requests that Respondent comply with the court's Local Rules and do more than direct the court to "(pages 27 & 123)." (*See* Filing No. 6 at CM/ECF p. 1; *see also* NECivR 56.1.)

On April 16, 2007, Brown filed her Petition in this court. (Filing No. 1.) Respondent thereafter filed a motion for summary judgment and supporting documents. (Filing Nos. 6-7.) In his motion, Respondent argues that Brown's petition is barred by the relevant statute of limitations. (Filing No. 6.) In opposition, Brown states that her failure to file her Petition within one year should be excused and argues the merits of her claims. (Filing No. 10.)

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") imposes a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. In particular, the AEDPA states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Therefore, absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final.  28 U.S.C. § 2244(d)(1)(A).

A judgment is final, "for these purposes, at the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for a writ of certiorari." *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003) (internal citations and quotations omitted).  The United States Supreme Court requires that a petition for writ of certiorari be filed within "ninety days from the date of entry of judgment in a state court of last resort." *Id.*; *see also* Sup. Ct. R. 13(1).  The calculation of the 90-day period runs from the date of entry of the judgment for which the writ of certiorari is sought, "and not from the issuance date of the mandate." Sup. Ct. R. 13(3).  As recently set forth by the Eighth Circuit, a petitioner under 28 U.S.C. § 2244(d) is entitled to "the benefit of the ninety-day period for seeking a writ of certiorari" even if he does not seek further review from the applicable state's highest court. *Pierson v. Dormire*, 484 F.3d 486, 489-90 (8th Cir. 2007).

Further, in calculating the one-year period under the AEDPA, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts." *Painter v. Iowa*, 247 F.3d 1255, 2356 (8th Cir. 2001).  Stated another way, while the federal statute of limitations is tolled while an application for post-conviction relief is pending, the statute of limitations is not tolled during the period *after* the conclusion of direct review and *before* commencement of state post-conviction proceedings. *Id.*; *see also Curtiss*, 338 F.3d at 853-55.

Here, Brown did not file a direct appeal of her conviction or sentence.[2] Therefore, for purposes of the AEDPA, Brown's judgment was final on April 26, 2002, or 30 days after the date of her sentence. *See* Neb. Rev. Stat. § 25-1912(1) (permitting 30 days from the date of a Nebraska district court decision for the filing of an appeal). Absent any tolling, Brown's petition for writ of habeas corpus must have been filed within one year, or no later than April 28, 2003.

As set forth above, the court must consider the United States Supreme Court's allowance that a writ of certiorari may be filed within 90 days after the entry of judgment of a state's "court of last resort." Sup. Ct. R. 13(1). Nebraska's court of last resort is the Nebraska Supreme Court. Because Brown did not appeal her conviction or sentence to either the Nebraska Court of Appeals or the Nebraska Supreme Court, a writ of certiorari would not be appropriate. Regardless, if Brown is given the benefit of an additional 90 days, Brown's judgment was final for purposes of the AEDPA on July 25, 2002. Therefore, when considering the 90-day writ of certiorari period, Brown's petition for writ of habeas corpus must have been filed in this court no later than July 25, 2003.

Brown filed her Petition in this court on April 16, 2007, long after the July 25, 2003 deadline. (Filing No. 1.) In addition, although Brown sought state postconviction relief, her Post Conviction Motion was not filed until November 3, 2005. (Filing No. 7, Attach. 3, at CM/ECF p. 8.) Indeed, the statute of limitations had already expired prior to the filing of Brown's Post Conviction Motion. The Post Conviction Motion therefore has no bearing on whether Brown's Petition was timely submitted.

---

[2]According to Brown's Post Conviction Motion, Brown filed a direct appeal *pro se* at some point after she was sentenced. There is nothing in the record supporting such a contention. Regardless, that appeal was apparently dismissed as untimely on November 29, 2005 and is of no consequence here. (Filing No. 7, Attach. 1, at CM/ECF pp. 47-48.)

Brown requests that the court excuse her delay in filing her Petition because she "was not familiar with such laws until later in her incarceration." (Filing No. 10 at CM/ECF p. 1.) Federal courts may equitably toll the AEDPA's statute of limitations "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (citing cases and stating that "[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"). The court finds that equitable tolling is not appropriate under these circumstances. Brown's Petition is therefore time-barred and must be dismissed.

IT IS THEREFORE ORDERED that:

1. Petitioner Yosha Venitia Brown's petition for writ of habeas corpus is denied in all respects and this action is dismissed with prejudice.

2. A separate judgment will be entered in accordance with this memorandum and order.

January 16, 2008.                    BY THE COURT:


                                     s/ Joseph F. Bataillon
                                     Chief United States District Judge